# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MOJICA-ALDANA, : | |
| : | CIV. NO. 3:23-cv-0836 |
| PETITIONER : | |
| : | (JUDGE MANNION) |
| v. : | |
| : | |
| IMMIGRATION CUSTOMS AND : | |
| ENFORCEMENT, | |
| : | |
| Respondent | |
| : | |

## MEMORANDUM

### I. Background

Petitioner, a former civil detainee of the United States Department of Homeland Security ("DHS'), Immigration and Customs Enforcement ("ICE"), housed at the Pike County Correctional Facility ("PCCF"), Lords Valley, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner challenges his continued detention by ICE. Id.

By Order dated June 15, 2023, the petition was served on the Respondent, directing a response be filed within twenty-one days of the Order. (Doc. 7).

On June 28, 2023, Petitioner's copy of this Court's June 15, 2023 Order was returned to this Court as undeliverable, stating "return to sender" and

"unable to forward." (Doc. 9). An inquiry by this Court to the Pike County Correctional Facility revealed that Petitioner was removed from the United States on June 6, 2023. Id.

## II. Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing

<pre>
</pre>

O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas corpus petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004). Thus, for example, the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention. Sanchez v. Attorney General, 146 F. App'x 547 (3d Cir. 2005). Similarly, the deportation or removal of an alien also makes an immigration habeas corpus petition moot. See Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006).

In the instant case, because Mojica-Aldana has been released from custody, and there is no further relief available to him, his habeas petition has been rendered moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (finding that "[i]f developments occur during the

- 3 -

course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). See also Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

### III. Conclusion

For the reasons stated above, the petition for writ of habeas corpus will be dismissed as moot. An appropriate Order will follow.

**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 29, 2023**
23-0836-02